**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(BALTIMORE)**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | CRIMINAL No.:  CCB-14-0209 |
| **DWAYNE HASKINS** | * | |
| **Defendant** | | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MOTION TO SUPPRESS TANGIBLE AND DERIVATIVE EVIDENCE
<u>PURSUANT TO FEDERAL RULE 12(b)(3)</u>**

NOW COMES the Defendant, Dwayne Haskins, through undersigned counsel, Christopher J. Purpura, pursuant to 12(b)(3) of the Federal Rules of Criminal Procedure, and moves to suppress any evidence seized as a result of search and seizures pursuant to warrants in violation of the Fourth Amendment to the United States Constitution, and in support therefore, states as  follows:

1.	That the Defendant, Dwayne Haskins, is charged by way of a five count Indictment alleging Hobbs Act Robbery in violation of 18 U.S.C. 1951 and other related offenses.

2.	Discovery materials furnished thus far by the government indicate that law enforcement officers executed various searches pursuant to warrants, specifically:

>	October 24, 2012 Search and Seizure
>	2107 Lyndhurst Avenue
>	Baltimore, Maryland 21206

3.	That Affidavits in Support of the Warrant demonstrate that the agents' reliance on the search warrants was not reasonable for the following reasons: 1)  The magistrate was misled by information in an affidavit that the officer knew was false and would have known was false except for the officers' reckless disregard of the truth; 2)  The magistrate wholly abandoned his

detached and neutral judicial role; 3) The warrant was based upon an affidavit that was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and 4) the warrant was so facially deficient, by failing to particularize the place to be searched or the things to be seized; and 5) the seizing officers exceeded the scope of the warrant; items seized were not found in plain view; and items seized were not items which would inevitably have been discovered. *United States v. Hyppolite,* 65 F.3d 1151, 1156 (4th Cir. 1965); *United States v. Leon,* 468 U.S. 897 (1984).

   4. That for the above reasons and for such other and further reasons that may become apparent at a hearing on these Motions, defendant Price prays that any evidence recovered pursuant to the above warrant be suppressed.

   WHEREFORE, Defendant Haskins respectfully requests that this Honorable Court suppress any evidence recovered during these searches.

                Respectfully submitted,

                _____/s/_____
                Christopher J. Purpura, Esquire
                Law office of William Purpura
                8 E. Mulberry Street
                Baltimore, Maryland 21202
                Fed Bar No.: 27327
                410.727.8550
                *Counsel for Defendant*

## REQUEST FOR A HEARING

Pursuant to Rule 105-6 of the Local Rules of the United States District Court for the District of Maryland, a hearing is requested on the Defendant's Motion.

_____/s/_____
Christopher J. Purpura

## POINTS AND AUTHORITIES

United States Constitution

*United States v. Leon,* 468 U.S. 897 (1984)

*United States v. Inman,* 352 F.2d 954 (4th cir. 1965)

*United States v. Hyppolite,* 65 F.3d 1151, 1156 (4th Cir. 1965)